No. 21-10597

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**Christopher George Arnone,**

Plaintiff – Appellant

v.

**County of Dallas County, Texas; William T. Hill, Jr., in his Individual capacity; Ron Goethals, in his Individual capacity,**

Defendants – Appellees

---

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division
Civil Action No. 3:17-CV–03027–E
Originating Judge, Honorable Ada Brown, United States District Judge

---

## BRIEF OF APPELLEES COUNTY OF DALLAS COUNTY, TEXAS AND WILLIAM T. HILL, JR.

---

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

JASON G. SCHUETTE
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Federal Litigation Division
Dallas County Administration Building
500 Elm Street, Suite 6300
Dallas, Texas  75202
Telephone:      214.653.2798
Telecopier:     214.653.6134

Attorney for Appellees,
County of Dallas County
and William T. Hill, Jr.

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| *Plaintiff-Appellant:* | Christopher George Arnone |
| *Attorney for Plaintiff-Appellant:* | S. Rafe Foreman<br>Hutchison & Foreman, PLLC<br>1321 Texas Ave., Ste. 101<br>Lubbock, Texas |
| | Susan E. Hutchison<br>Hutcheson & Foreman, PLLC<br>505 Pecan St., Ste. 102<br>Fort Worth, Texas 76102 |
| *Defendants-Appellees*<br>*County of Dallas County, Texas*<br>*and William T. Hill:* | Jason G. Schuette<br>Assistant District Attorney<br>Dallas County District Attorney<br>Dallas County Administration Bldg.<br>500 Elm Street, Suite 6300<br>Dallas, Texas 75202 |
| *Defendant-Appellee*<br>*Ron Goethals* | William F. Cole<br>Assistant Solicitor General<br>Office of the Texas Attorney General<br>P.O. Box 12548 (NC059)<br>Austin, Texas 78711-2548 |
| | *s/ Jason G. Schuette*<br>Assistant District Attorney |

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would not be helpful to the Court in the submission of this case for determination.  This case raises no legal issues of first impression.  There is no confusion or uncertainty in the district courts in this Circuit, and certainly not within the district court whence this case originates.  Moreover, longstanding Fifth Circuit precedents readily resolve all of the issues Appellant presents.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iv

TABLE OF AUTHORITIES ................................................................................ viii

STATEMENT OF JURISDICTION.........................................................................2

STATEMENT OF THE ISSUES..............................................................................3

STATEMENT OF THE CASE..................................................................................3

    A.    Factual Summary ...............................................................................3

    B.    Relevant Procedural Summary............................................................7

SUMMARY OF ARGUMENT .................................................................................9

STANDARD OF REVIEW ....................................................................................10

ARGUMENT ..........................................................................................................11

ISSUE 1:    WHETHER THE DISTRICT COURT ERRED BY
    HOLDING THAT ARNONE FAILED TO ALLEGE
    FACTS TO SHOW THAT THE ADJUDICATION  OF HIS
    GUILT ALONE WAS SUFFICIENT  TO IMPOSE § 1983
    LIABILITY ON THE COUNTY .......................................................11

I.    The district court concluded correctly that Arnone's adjudication
    of his guilt, standing alone was insufficient to impose liability on
    the County.............................................................................................11

    A.    DA Hill did not act with deliberate indifference to Arnone's
    clearly established rights. ..................................................................11

    B.    Arnone's due process arguments are unsupported by his
    pleadings. .........................................................................................14

ISSUE 2:      WHETHER THE DISTRICT COURT ERRED BY
             HOLDING THAT ARNONE FAILED TO ALLEGE
             SUFFICIENTLY AN OFFICIAL POLICY OR  CUSTOM
             BASED SOLELY ON HIS CASE .....................................................16

II.    The district court correctly determined that Arnone failed to allege
       sufficiently an official policy or custom based solely on his case. ..............16

ISSUE 3:      WHETHER THE DISTRICT COURT ERRED BY
             HOLDING THAT ARNONE FAILED TO ALLEGE
             SUFFICIENTLY A FAILURE TO TRAIN OR
             SUPERVISE.........................................................................................20

III.   The district court correctly determined that Arnone failed to allege
       sufficiently a custom of inadequate training or supervision of
       assistant district attorneys. ..............................................................................20

ISSUE 4:      WHETHER THE DISTRICT COURT ERRED BY
             HOLDING  THAT THE COUNTY'S ALLEGED
             POLYGRAPH POLICY,  CREATED BY THE ELECTED
             DISTRICT ATTORNEY, WAS  LEGALLY
             ATTRIBUTABLE TO THE COUNTY .............................................22

IV.    The district court correctly determined that DA Hill was not a
       County final policymaker. .............................................................................22

       A.    Governmental liability under § 1983 .................................................23

       B.    DA Hill was not a final *County* policymaker, so his
             prosecutorial decisions and actions cannot impose § 1983
             liability on the County........................................................................24

       C.    Arnone fails to show that the district court committed
             reversible error. .................................................................................28

ISSUE 5:      WHETHER ARNONE'S DEFICIENT BRIEFING
             WAIVED ANY ERROR BY THE DISTRICT COURT
             WITH RESPECT TO ITS ORDER DISMISSING
             ARNONE'S CLAIMS AGAINST DA HILL .....................................30

V.    Arnone has failed to preserve any potential error in the district
      court because Arnone fails to brief those issues adequately. ........................30

ISSUE 6:    WHETHER THE DISTRICT COURT ERRED BY
            HOLDING THAT ABSOLUTE PROSECUTORIAL
            IMMUNITY PROTECTS DA HILL FROM LIABILITY .................31

VI.    The district court correctly held that absolute prosecutorial
       immunity protects DA Hill from liability.......................................................31

CONCLUSION ....................................................................................................33

CERTIFICATE OF SERVICE .............................................................................35

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ......................................36

# TABLE OF AUTHORITIES

## Cases

*Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson*,
  817 F.3d 163 (5th Cir. 2016) ...............................................................25

*Arnone v. Dretke*,
  No. 3:15cv0669-B, 2005 WL 1226124 (N.D. Tex. May 23, 2005) ....................6

*Arnone v. Quarterman*,
  No. 05-10725 (5th Cir. Sep. 18, 2006) ...................................................6

*Arnone v. Quarterman*,
  No. 3:06cv868-K, 2007 WL 36019 (N.D. Tex. Jan. 4, 2007) ...........................5

*Arnone v. Texas*,
  No. 05-03-01165-CR, 2004 WL 147612
  (Tex. App.—Dallas, Jan. 28, 2004, no pet.) ........................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................10

*Bd. of Comm'rs v. Brown*,
  520 U.S. 397 (1997)........................................................................23

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................10

*Bennett v. City of Slidell*,
  728 F.2d 762 (5th Cir. 1984) ...........................................................23

*Briscoe v. Lahue*,
  460 U.S. 325 (1983)........................................................................15

*Brown v. Lyford*,
  243 F.3d 185 (5th Cir. 2001) ............................................... 22, 23, 25

*Budhathoki v. Nielsen*,
  898 F.3d 504 (5th Cir. 2018) ...........................................................10

*Echols v. Parker*,
  909 F.2d 795 (5th Cir. 1990) ...............................................................26

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
  406 F.3d 375 (5th Cir. 2005) ...............................................................12

*Esteves v. Brock*,
  106 F.3d 674 (5th Cir. 1997) ................................................ 21, 25, 29

*Ex Parte Arnone*,
  No. WR-60, 218-02, 2015 WL 5853688
  (Tex. Crim. App., Oct. 7, 2015).......................................................6, 19

*Ex Parte Sledge*,
  391 S.W.3d 104 (Tex. Crim. App. 2013) ..........................................4

*Florance v. Buchmeyer*,
  500 F. Supp. 2d 618 (N.D. Tex. 2007) ..............................................26

*FM Properties Operating Co. v. City of Austin*,
  93 F.3d 167 (5th Cir.1996) ............................................... 17, 18

*Franks v. Delaware*,
  438 U.S. 154 (1978)..............................................................................15

*Gelin v. Housing Auth. of New Orleans*,
  456 F.3d 525 (5th Cir. 2006) ..............................................................12

*Gibbs v. Gibbs*,
  210 F.3d 491 (5th Cir. 2000) ..............................................................18

*Imbler v. Pachtman*,
  424 U.S. 409 (1976)...................................................................... 31, 32

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ..............................................................10

*Jett v. Dall. Indep. Sch. Dist.*,
  7 F.3d 1241 (5th Cir. 1993) ................................................................25

*Kentucky v. Graham*,
    473 U.S. 159 (1985)............................................................25

*Krueger v. Reimer*,
    66 F.3d 75 (5th Cir. 1995) ................................................26

*Leonard v. Texas*,
    385 S.W.3d 570 (Tex. Crim. App. 2012) ........................... 13, 14, 15

*Littell v. Hous. Indep. Sch. Dist.*,
    894 F.3d 616 (5th Cir. 2018) .............................................10

*Loupe v. O'Bannon*,
    824 F.3d 534 (5th Cir. 2016) ....................................... 31, 32

*Matter of Hoffman*,
    995 F.3d 440 (5th Cir. 2020) .............................................10

*McDowell v. Texas*,
    465 F.2d 1342 (5th Cir. 1971) ...........................................17

*McDowell v. Texas*,
    465 F.2d 1349 (5th Cir. 1971) ...........................................17

*Moon v. City of El Paso*,
    906 F.3d 352 (5th Cir. 2008) ............................................32

*Mowbray v. Cameron County, Tex.*,
    274 F.3d 269 (5th Cir. 2001) ............................... 21, 22, 29

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ............................... 17, 23, 24

*Quinn v. Roach*,
    326 F. App'x 280 (5th Cir. 2009) .......................................26

*Ratliff v. City of Houston*,
    No. CIV.A. H-02-3809, 2005 WL 1745468
    (S.D. Tex. July 25, 2005)................................................19

*Renee v. Peralez*,
    No. 7:16cv281, 2017 WL 3335989, (S.D. Tex. Aug 3, 2017) ...........................19

*Robinson v. Guar. Tr. Life Ins. Co.*,
    389 F.3d 475 (5th Cir. 2004) ..................................................................30

*Snowden v. Hughes*,
    321 U.S. 1 (1944) ..................................................................................17

*Stern v. Tarrant County Hosp. Dist.*,
    778 F.2d 1052 (5th Cir. 1985) ...............................................................17

*Strickland v. Bank of New York Mellon*,
    838 F. App'x 815 (5th Cir. 2020) ..........................................................30

*Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*,
    229 F.3d 478 (5th Cir. 2000) ................................................................25

*United States v. Posado*,
    57 F.3d 428 (5th Cir. 1995) ..................................................................18

*United States v. Thames*,
    214 F.3d 608 (5th Cir. 2000) ................................................................30

*Van de Kamp v. Goldstein*,
    555 U.S. 335 (5th Cir. (2009) ......................................................... 32, 33

*Wooden v. Texas*,
    No. 4:05cv022-A, 2005 WL 1473854 (N.D. Tex. June 21, 2005) ........ 21, 22, 29

## Statutes

Tex. Code Crim. P. art. 42.12, § 11(a) (repealed) ..................................27

Tex. Code Crim. P. art. 42.12, § 21(c) (repealed) ........................... 13, 14

Tex. Code Crim. P. art. 42.12, § 21(e) (repealed) ........................... 27, 28

Tex. Code Crim. P. art. 42.12, § 5 (repealed) .........................................27

Tex. Code Crim. P. art. 42.12, § 5(b) (repealed) ......................................4

Tex. Code Crim. P. art. 42A.108(b)............................................................. 13, 14, 27

Tex. Code Crim. P. art. 42A.108(c)(1) ....................................................27

Tex. Code Crim. P. art. 42A.108(c)(2) ....................................................27

Tex. Code Crim. P. art. 42A.301 ..............................................................27

Tex. Code Crim. Proc. Ann. art. 42A.101 ................................................4

Tex. Code. Crim. P. art. 2.01 ...................................................................26

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................9

No. 21-10597

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

**Christopher George Arnone**

Plaintiff – Appellant

**v.**

**County of Dallas County, Texas; William T. Hill, Jr., in his Individual capacity; Ron Goethals, in his Individual capacity,**

Defendants – Appellees

---

**BRIEF OF APPELLEES COUNTY OF DALLAS COUNTY, TEXAS AND WILLIAM T. HILL, JR.**

---

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

The Defendants-Appellees County of Dallas County, Texas (the "County"), and William T. Hill, Jr. ("DA Hill"), (together, the "County Appellees" or "Appellees"), file this brief to demonstrate, first, that the district court correctly granted Dallas County's Rule 12(b)(6) motion to dismiss; second, that Appellant waived any error by the district court with respect to its order dismissing Appellant's claims against DA Hill; and third, that the district court correctly granted DA Hill's Rule 12(b)(6) motion to dismiss. This Court should affirm the district court's order dismissing with prejudice Appellant, Christopher George Arnone's ("Arnone")

1

claims, and affirm the judgment in favor of the County Appellees, because Arnone failed to show that the district court committed error.

## STATEMENT OF JURISDICTION

The County Appellees agree that this Court has jurisdiction under 28 U.S.C. § 1291, but Arnone's Jurisdictional Statement is in error.[1]  The originating district court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), because Arnone's claims arose under 28 U.S.C. § 1983.  ROA.22-40.

The County Appellees filed a joint Rule 12(b)(6) motion to dismiss the claims alleged against them in Plaintiff's Fourth Amended Complaint.  ROA.1311-42.  The district court granted the County Appellees' motion, but granted Arnone leave to file an amended complaint with respect to his claims against the County.  ROA.1554-76.  Arnone filed Plaintiff's Fifth Amended Complaint, ROA.1633-47, and the County again filed a motion to dismiss for failure to state a claim, ROA.1668-97.  The district court entered a Memorandum Opinion and Order granting the County's motion to dismiss, and entered a Final Judgment of dismissal with prejudice.  ROA.1747-61; ROA.1762.  Arnone filed a timely notice of appeal.  ROA.1763.

---

[1] Arnone's citations to the record on appeal are inaccurate throughout his brief.  Arnone used the "PageID" numbers assigned by the district court's PACER system, rather than the record on appeal numbers located at the lower-right corner of the record pages.

## STATEMENT OF THE ISSUES

1.     Whether the district court erred by holding that Arnone failed to allege facts to show that the adjudication of his guilt alone was sufficient to impose § 1983 liability on the County.

2.     Whether the district court erred by holding that Arnone failed to allege sufficiently an official policy or custom based solely on his case.

3.     Whether the district court erred by holding that Arnone failed to allege sufficiently a failure to train or supervise against the County.

4.     Whether the district court erred by holding that the County's alleged polygraph policy, created by the elected district attorney, was legally attributable to the County.

5.     Whether Arnone's deficient briefing waived any error by the district court with respect to its order dismissing Arnone's claims against DA Hill.

6.     Whether the district court erred by holding that absolute prosecutorial immunity protects DA Hill from § 1983 liability.

## STATEMENT OF THE CASE

### A.     Factual Summary

Though one would not know it from Arnone's hyperbolic recitation, the facts of this case are relatively straightforward and unremarkable.  In November 2002, a Dallas County grand jury indicted Arnone for the Texas penal offense of Aggravated

Sexual Assault; the victim was Arnone's minor son.  ROA.1583.  Pursuant to a *plea agreement*, Arnone pleaded *nolo contendere* to the Texas penal offense of Injury to a Child causing serious bodily injury, a first degree felony.  ROA.953; ROA.1584. The criminal court accepted Arnone's plea, deferred adjudication of Arnone's guilt,[2] and placed Arnone on community supervision for a period of ten years.  ROA.954; ROA.1584.  While Arnone repeatedly alludes to his supposed factual innocence, as a matter of law the criminal court could not place Arnone on deferred adjudication unless the evidence before the court fully substantiated Arnone's guilt.  As the Texas Court of Criminal Appeals explains in *Ex Parte Sledge*,

> The trial court could not have placed the applicant on deferred adjudication community supervision "in the first place" without finding that the State's evidence at least "substantiates the defendant's guilt[.]"  Thus, at the time the statutory scheme contemplates that a *finding* of guilt *must* be made (albeit not acted upon in a formal adjudication), the fact-finder clearly "could have found the applicant guilty beyond a reasonable doubt."

*Ex Parte Sledge*, 391 S.W.3d 104, 111 (Tex. Crim. App. 2013) (emphasis in original) (footnotes omitted).

---

[2] "Deferred adjudication" is a form of probation that was available under former article 42.12 of the Texas Code of Criminal Procedure.  A defendant faced the full range of punishment if the deferred adjudication was revoked.  Tex. Code Crim. P. art. 42.12, § 5(b) (repealed).  Effective September 1, 2017, the Texas legislature repealed and recodified article 42.12 into its own chapter, chapter 42A.  *See* Act of May 26, 2015, 84th Leg., R.S., ch.770, §§ 3.01, 4.02, 2015 Tex. Sess. Law Serv. 2320, 2394.  The substantive content of article 42.12, § 5(b) survived the repeal and recodification and is currently found in article 42A.101.  *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, art. 42A.101, 2015 Tex. Sess. Law Serv. 2320, 2333 (current version at Tex. Code Crim. Proc. Ann. art. 42A.101).

Here, Arnone executed a "Stipulation of Evidence," in which he admitted that, "On the 1st day of July, 1997, in Dallas County, Texas, I did knowingly and intentionally cause serious bodily injury to [JA],[3] a child 14 years of age or younger, hereinafter called complainant." ROA.855.

As with all persons placed on community supervision for a felony offense, the criminal court imposed upon Arnone customized terms of supervision. For Arnone, those conditions included placement on a sex offender caseload. ROA.861; *Arnone v. Quarterman*, No. 3:06cv868-K, 2007 WL 36019, at *4 (N.D. Tex. Jan. 4, 2007). Arnone nonetheless asserts that he was "erroneously" placed on the sex offender caseload (Appellant's Br. 4), but that is grossly untrue. "Sex offender treatment" was an express provision of Arnone's written Plea Agreement, which was approved by Arnone's attorney and the presiding judge. ROA.836-37.

On 25 March 2003, the State of Texas filed a Motion to Proceed with Adjudication of Guilt, founded on the sole ground that Arnone violated condition "o" of his community supervision, in that Arnone "was unsuccessfully discharged from sex offender treatment at Central Psychological Services due to failing the last two offense polygraphs and for not accepting responsibility for [his] offense which made him untreatable in an outpatient capacity." ROA.1373-74. On 23 May 2003, the

---

[3] Although the child-victim's full name appears in the record on appeal, Appellees redact it here in compliance with this Court's rules on redaction of sensitive personal identifying information.

criminal court granted the State's motion to adjudicate Arnone's guilt, and sentenced Arnone to 15 years confinement in the Texas state penitentiary.  ROA.1370-72.

Arnone then commenced a series of challenges to his conviction in state and federal courts.  The Texas Fifth District Court of Appeals affirmed the conviction. *Arnone v. Texas*, No. 05-03-01165-CR, 2004 WL 147612 (Tex. App.—Dallas, Jan. 28, 2004, no pet.) (not designated for publication).  Arnone's petitions for habeas corpus were denied. *Ex Parte Arnone*, No. WR-60, 218-02, 2015 WL 5853688 (Tex. Crim. App., Oct. 7, 2015);[4] *Arnone v. Dretke*, No. 3:15cv0669-B, 2005 WL 1226124 (N.D. Tex. May 23, 2005).  This Court denied a certificate of appealability.  *Arnone v. Quarterman*, No. 05-10725 (5th Cir. Sep. 18, 2006).

However, on 7 October 2015, the Texas Court of Criminal Appeals granted Arnone's application for writ of habeas corpus and "set aside" the adjudication of guilt, but made no finding of actual innocence.  *Ex Parte Arnone*, WR-60,218-02, 2015 WL 5853688, at *1 (Tex. Crim. App. Oct. 7, 2015) (per curiam)(not designated for publication); ROA.1362-63.  Arnone's original ten-year probationary period had by that time expired, so Arnone's community supervision was terminated, and on 13 November 2015 Arnone was released from confinement.  ROA.1364.

---

[4] Available at: http://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=23855150-21eb-44cd-a565-5d81031133a3&coa=coscca&DT=OPINION&MediaID=ae46ade8-64de-4eee-844e-192976985a62.

**B.    Relevant Procedural Summary**

Arnone filed suit on 31 October 2017 in the United States District Court for the Northern District of Texas—Fort Worth Division. ROA.5. But on the next day, Arnone filed a "Motion to Dismiss for Lack of Jurisdiction."[5]  ROA.6.  That same day, the presiding judge transferred the case to that court's Dallas Division for the convenience of the court and the parties.  ROA.52.  Arnone filed his first amended complaint on 2 November 2017, and on 13 November 2017, Arnone filed his second amended complaint.  ROA.6.

Defendants Javed Syed and Ron Goethals filed a motion to dismiss Arnone's claims, founded primarily on the grounds of Eleventh Amendment immunity, and lack of and a corresponding lack of subject-matter jurisdiction, and their respective entitlements to qualified immunity.  ROA.163-92.  In response, Arnone sought leave to amend his complaint.  ROA.8; ROA.194-249.  Meanwhile, the County, Appellee William T. Hill, Jr. ("DA Hill"), and other County-affiliated defendants filed a Rule 12-based motion to dismiss the claims against them as alleged in Arnone's second amended complaint.  ROA.290-353.  On 10 April 2018, the district court granted Arnone leave to file his third amended complaint.  *See* ROA.11-12.

---

[5] Arnone's one-sentence motion does not explain in what way the district court lacked jurisdiction. *See* ROA.50-51.

Arnone filed his third amended complaint on 12 April 2018, which rendered moot the pending motions to dismiss. ROA.12. The County, DA Hill, and other County-affiliated defendants then filed new Rule 12-based motions to dismiss that complaint. ROA.12; ROA.920-97. Following a hearing on the pending motions to dismiss on 15 November 2018, Arnone stipulated to the dismissal of several County-affiliated defendants. ROA.14; ROA.1128-29.

Arnone filed an opposed motion for leave to file a fourth amended complaint. ROA.14; ROA.1180-1196. The district court granted that motion, and Arnone then filed his fourth amended complaint on 13 May 2019. ROA.15; ROA.1215-48. The County, DA Hill, and others filed Rule 12-based motion to dismiss that iteration of the complaint. ROA.16; ROA.1258-93; ROA.1311-42. In a memorandum opinion and order entered on 30 April 2020, the district court granted Defendants' motions to dismiss, but also permitted Arnone to file a motion for leave to file a *fifth* amended complaint. ROA.18; ROA.1554-77. Arnone filed that opposed motion, which the district court granted. ROA.18-19; ROA.1578-1617.

Arnone filed the live complaint, Plaintiff's Fifth Amended Complaint (the "Complaint") on 26 June 2020. ROA.19; ROA.1633-1667. The County filed its Rule 12-based motion to dismiss on 10 July 2020. ROA.19; ROA.1668-1697. On 10 May 2021, the district court issued a Memorandum Opinion and Order granting

the County's motion to dismiss, and entered a Final Judgment. ROA.20; ROA.1747-61. Arnone filed his notice of appeal on 8 June 2021. ROA.20; ROA.1763-64.

## SUMMARY OF ARGUMENT

This Court should affirm the district court's dismissal, under Rule 12(b)(6), of Appellant's claims against Appellee Dallas County because (1) the mere fact that Arnone's guilt was adjudicated is insufficient, standing alone, to show deliberate indifference by a County final policymaker to impose § 1983 liability on the County under the single decision doctrine; (2) Arnone failed to allege sufficiently an official Dallas County policy based solely upon the alleged custom of using polygraph result evidence in a probation revocation proceeding, because violations of state law are not *per se* violations of the Constitution; (3) Arnone cannot plead a sufficient failure-to-train or failure-to-supervise claim premised on alleged lack of training or supervision of assistant district attorneys, because Fifth Circuit precedents clearly hold that a Texas county government cannot be held liable for a failure to train or supervise assistant district attorneys who are exercising prosecutorial functions, as they are state officers in that capacity; and (4) DA Hill did not act as a County final policymaker because DA Hill was a state actor when prosecuting criminal cases and exercising the attendant authority to that function.

This Court should affirm the district court's dismissal, under Rule 12(b)(6), of Appellant's claims against Appellee Hill because Arnone entirely failed to brief

any issues relating to the district court's dismissal of the claims against DA Hill, and thereby Arnone waived any potential error by the district court. Further and in the alternative, the district court did not err in its determination that DA Hill was entitled to absolute prosecutorial immunity. For these reasons, this Court should affirm the judgment of the district court in all respects.

## STANDARD OF REVIEW

A district court evaluates the sufficiency of a motion to dismiss made pursuant to Rule 12(b) "by accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and brackets omitted); *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court's review of the district court's order is *de novo*. *Matter of Hoffman*, 995 F.3d 440, 443 (5th Cir. 2020) (citing *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018)).

# ARGUMENT

## ISSUE 1:

**WHETHER THE DISTRICT COURT ERRED BY
HOLDING THAT ARNONE FAILED TO ALLEGE
FACTS TO SHOW THAT THE ADJUDICATION
OF HIS GUILT ALONE WAS SUFFICIENT
TO IMPOSE § 1983 LIABILITY ON THE COUNTY**

**I.    The district court concluded correctly that Arnone's adjudication of his guilt, standing alone was insufficient to impose liability on the County.**

> **A.    DA Hill did not act with deliberate indifference to Arnone's clearly established rights.**

In his first issue, Arnone argues that the district court erred in its determination that he failed to allege facts that show that his adjudication of guilt, *standing alone*, was sufficient to impose § 1983 liability on the County.  Appellant's Br. 10-13.  It is Arnone who errs.

As an initial issue, whether the adjudication of Arnone's guilt, standing alone, is sufficient to impose liability on the County is irrelevant to this appeal.  The district court determined that Arnone's Complaint "sufficiently pleaded facts to support a reasonable inference that other individuals were treated similarly [to Arnone] and to plausibly allege a widespread custom or practice."  ROA.1753.  Thus, Arnone had satisfied his obligation to plead facts that would establish the existence of a custom having the force of official policy.  It thus became unnecessary, for Rule 12(b)(6) purposes, for Arnone also to plead facts that would allow an inference that DA Hill,

as the supposed final policymaker for Dallas County, made a "single decision" in Arnone's case to use inadmissible evidence to revoke Arnone's deferred adjudication, with knowledge that to do so would violate Arnone's constitutional rights. Put differently, Arnone's first issue is a non-issue, and this Court may disregard it.

Nonetheless, the district court arrived at the correct result. As the district court explained in its Memorandum Opinion and Order, to impose § 1983 liability for a final policymaker's single decision, it must be made with "*deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow.*" ROA.1753; *Gelin v. Housing Auth. of New Orleans*, 456 F.3d 525, 527 (5th Cir. 2006) (emphasis added).[6] Deliberate indifference is a stringent standard of fault. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

The district court decided correctly that the facts Arnone pleads do not allow an inference, as Arnone alleges, that DA Hill "authorized the use of inadmissible evidence . . . with the knowledge that it was a violation of constitutional rights." *See*

---

[6] As will be discussed below, *Gelin* is pertinent to this appeal because it holds that a single decision by an official cannot impose § 1983 liability if the official did not have final policymaking authority. *Gelin*, 456 F.3d at 527 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989), and *Brady v. Fort Bend County*, 145 F.3d 691, 698 (5th Cir. 1998)). Because DA Hill was not a final *County* policymaker, his prosecutorial decisions cannot impose liability on the County.

ROA.1753.  As the district court recites in its Memorandum Opinion and Order that dismissed Arnone's claims against the County, Arnone does not plead that DA Hill "was personally involved in, or personally aware of, any of the events of which Arnone complains."  ROA.1754.  Thus, DA Hill could not have made a "single decision" with respect to Arnone's case, much less have had the subjective knowledge of Arnone's particular circumstances to have exhibited deliberate indifference.

Furthermore, and as the district court's opinion recites, DA Hill could not have acted with deliberate indifference to Arnone's rights when his deferred adjudication was revoked in 2003.  It was not until 2012 that Texas Court of Criminal Appeals held, in *Leonard v. Texas*, 385 S.W.3d 570, 582 (Tex. Crim. App. 2012), that a trial court abuses its discretion in a probation revocation proceeding by allowing evidence of, or based upon, polygraph test results.  ROA.1754.  Moreover, the Texas Legislature did not enact a statute prohibiting a court from "proceed[ing] with an adjudication of guilt on the original charge if the court finds that the only evidence supporting the alleged violation of a condition of deferred adjudication community supervision is the uncorroborated results of a polygraph examination."  ROA.1754 (citing Tex. Code Crim. P. art. 42A.108(b) (formerly Tex. Code Crim. P. art. 42.12, § 21(c)).  Therefore the district court did not err by determining that Arnone failed to plead facts sufficient to permit an inference that the adjudication of Arnone's guilt, standing alone, is sufficient to impose § 1983 liability upon the County.

**B.    Arnone's due process arguments are unsupported by his pleadings.**

Arnone argues several basic points on which there is no dispute.  He proclaims that probable cause is required for issuance of an arrest warrant on a probation revocation charge, that due process must be afforded in connection with any revocation proceeding, and that revocation proceedings must comport with principles of fundamental fairness.  *See* Appellant's Br. 10-11.  These maxims are not in dispute.

But Arnone's argument next takes a detour into misstatements and fallacies.  First, Arnone asserts that "Polygraph test results cannot (*and could not at any time*) be the sole support for probable cause."  Appellant's Br. 12 (emphasis added).  That statement is false.  As the district court noted, and as discussed above, the Texas Court of Criminal appeals did not hold that a trial court abuses its discretion in a revocation proceeding by allowing evidence of, or based on, polygraph test results until its decision in *Leonard v. Texas*, in 2012.  *Leonard*, 385 S.W.3d at 582.  Further, it was not until 2013 that the Texas Legislature enacted a statute prohibiting a court from "proceed[ing] with an adjudication of guilt on the original charge if the court finds that the only evidence supporting the alleged violation of a condition of deferred adjudication community supervision is the uncorroborated results of a polygraph examination."  Tex. Code Crim. P. art. 42A.108(b) (formerly Tex. Code Crim. P. art. 42.12, § 21(c)).  Thus, prior to that time, and more particularly, in March 2003 when the criminal court adjudicated Arnone's guilt, polygraph test results could be

used as sole support for a revocation proceeding.

Arnone next proffers the incredible argument that "the County and the DA manufactured probable cause to detain Arnone, as recognized and upheld by the Texas Court of Criminal Appeals when it ordered the trial court to set aside the conviction and released Arnone." Appellant's Br. 12. The Texas Court of Criminal Appeals made no such finding. *See* ROA.338-39. Likewise, the Court of Criminal Appeals' holding in *Leonard v. Texas*, which was the basis for that court's opinion that granted Arnone's habeas corpus petition, did not hold that the use polygraph evidence in any manner "manufactures" probable cause. *See Leonard*, 385 S.W.3d 570 (Tex. Crim. App. 2012).

But Arnone goes further; he next delves into a discussion of the *Franks v. Delaware* line of cases, which hold that a defendant may bring a Fourth Amendment challenge to a probable cause finding when a warrant is obtained based upon information that was known to be (or should have been known) was *false*. Appellant's Br. 12-13 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).[7] However, Arnone fails to cite from the record any allegation that the criminal court received *false*

---

[7] Arnone also cites *Briscoe v. Lahue*, 460 U.S. 325 (1983), for the proposition that there is no immunity from suit for the use of knowingly false testimony submitted at probable cause determinations." Appellant's Br. 13. Arnone grossly misrepresents the Supreme Court's holding. To the contrary, the *Briscoe* Court unambiguously held that witnesses have absolute immunity from suit and damages based upon knowingly false testimony in the course of any judicial proceeding. *Id.* at 342-43 (rejecting proposition that the Court should "carve out an exception to the general rule of immunity in cases of alleged perjury by police officer witnesses").

information.  To be sure, Arnone contends that the polygraph information was inadmissible.  But Arnone did not plead that the criminal court was presented with false information.  Put differently, it was not false that Arnone failed two polygraph examinations, and it was not false that he was separated from the sex offender treatment program because of his polygraph examination results.  Instead, Arnone disingenuously conflates lack of admissibility with falsity, as if the two were the same.[8]  Accordingly, Arnone's entire discussion of so-called "fabricated evidence" and the submission of knowingly false evidence is entirely inapposite to this case.

For these reasons, the district court did not err in its determination that the adjudication of Arnone's guilt alone was sufficient to impose § 1983 liability on the County, and this Court should affirm the judgment.

### ISSUE 2:

### WHETHER THE DISTRICT COURT ERRED BY HOLDING THAT ARNONE FAILED TO ALLEGE SUFFICIENTLY AN OFFICIAL POLICY OR CUSTOM BASED SOLELY ON HIS CASE

**II.    The district court correctly determined that Arnone failed to allege sufficiently an official policy or custom based solely on his case.**

Arnone argues that the district court erred by determining that he failed to

---

[8] Examples of this dichotomy abound.  Inculpatory custodial statements made in the absence of *Miranda* warnings are inadmissible even if absolutely truthful.  Evidence rendered inadmissible on the basis of a privilege is not necessarily false.  Evidence obtained as the result of an unlawful search is inadmissible, even if 100 per cent probative and reliable.

allege an official policy or custom based solely on the facts of his own case, because the custom he alleges was "facially unconstitutional," thereby rendering the County liable under § 1983 as a matter of law.  Appellant's Br. 13 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).  There are several flaws in Arnone's argument, but chief among them is that the alleged custom of using evidence of a failed polygraph test as grounds for revoking a deferred adjudication is not facially unconstitutional.

Arnone's argument rests upon the erroneous premise that what is impermissible under Texas law *per se* violates the federal Constitution.  It is well established, however, that a mere violation of state law does not necessarily infringe upon rights secured by the federal Constitution.  *Snowden v. Hughes*, 321 U.S. 1, 11 (1944); *McDowell v. Texas*, 465 F.2d 1342, 1346 (5th Cir.), *aff'd en banc*, 465 F.2d 1349 (5th Cir. 1971).  Thus, a plaintiff must show a violation of the federal Constitution to state a cognizable claim under § 1983.  "Indeed, '[c]onverting alleged violations of state law into federal . . . due process claims improperly bootstraps state law into the Constitution.'"  *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir.1996) (quoting *Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1056 (5th Cir. 1985)).

And that is precisely what Arnone attempts to do here.  While Texas law now categorically proscribes the use of polygraph evidence, this Court has "denounced"

a *per se* rule that polygraph test evidence is inadmissible, and instead held that "the standards announced in *Daubert* control the admissibility of such results." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (citing *United States v. Posado*, 57 F.3d 428, 434 (5th Cir. 1995)). Therefore, it is self-evident that the use of polygraph test results is not *facially* unconstitutional under the federal Constitution. Put differently, while the evidentiary use of polygraph test results may violate Texas law, it is not *per se* violation of the federal Constitution. Simply put, Arnone's position attempts to convert a violation of Texas state law into federal due process claim, and thereby improperly attempts to bootstrap state law into the Constitution. *FM Props.*, 93 F.3d at 174.

Arnone also asserts that the alleged County policy "is facially unconstitutional as specifically held by the Court of Criminal Appeals and the basis of the granting of habeas relief." Appellant's Br. 14. ***The Texas Court of Criminal Appeals did no such thing***. Here is the operative portion of that court's two-page opinion:

> Applicant contends that the revocation of his deferred adjudication supervision was improper because it was based on the failure of polygraph tests which led to his dismissal from sex offender treatment. *See Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012).

> The trial court has determined that the sole basis for the adjudication of Applicant's guilt was his dismissal from sex offender treatment which was based on failing two polygraph tests and therefore Applicant is entitled to relief.

> Relief is granted. The adjudication of guilt . . . is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas.

*Ex Parte Arnone*, No. WR-60, 218-02, 2015 WL 5853688 (Tex. Crim. App., Oct. 7, 2015).  ROA.338-39.  The Texas Court of Criminal Appeals did not even discuss the constitutionality of the County's alleged policy, much less render a specific holding that said policy was unconstitutional.

Arnone next launches into a confusing discussion of *Ratliff v. City of Houston*, No. CIV.A. H-02-3809, 2005 WL 1745468 (S.D. Tex. July 25, 2005).  Appellant's Br. 14-15.  As best as the County understands Arnone's argument, *Ratliff* stands for the unremarkable proposition that multiple instances of alleged unconstitutional conduct can create a fact issue as to whether a municipal policymaker had knowledge of the existence of an unconstitutional custom.  However, the City of Houston's chosen means of enforcing its "zero tolerance" policy on illegal street-racing has nothing to do with whether the alleged district attorney's office custom regarding the use of polygraph test results in revocation hearings is facially unconstitutional.

Finally, Arnone's citation to *Renee v. Peralez*, No. 7:16cv281, 2017 WL 3335989, (S.D. Tex. Aug 3, 2017), is equally perplexing.  Appellant's Br. 15.  Arnone cites *Renee* for the proposition that as few as two instances of prior unconstitutional conduct are sufficient to establish a "pattern" for purposes of showing the existence of a custom having the force of official policy.  But like *Ratliff*, *Renee* is irrelevant to whether the County custom Arnone alleges is facially unconstitutional.

For these several reasons, Arnone fails to show that the district court erred by

holding that Arnone failed to allege sufficiently an official policy or custom based solely on his case.

## ISSUE 3:

### WHETHER THE DISTRICT COURT ERRED BY HOLDING THAT ARNONE FAILED TO ALLEGE SUFFICIENTLY A FAILURE TO TRAIN OR SUPERVISE

**III.    The district court correctly determined that Arnone failed to allege sufficiently a custom of inadequate training or supervision of assistant district attorneys.**

Arnone asserts that the district court erred by holding that he failed to allege sufficiently a § 1983 claim based upon a failure to train or supervise assistant district attorneys.  Appellant's Br. 15-17.  In short, Arnone argues that if Dallas County assistant district attorneys did not intentionally act to violate his rights, then they must have done so out of a lack of training and supervision.  *See id.* at 16 ("The conduct was clearly unconstitutional.  Either it was intentional or done through lack of understanding that it was unconstitutional.  Any such lack of understanding on such widespread, ongoing basis can only be attributed to lack of training or supervision.").

Arnone inexplicably does not address the legal basis for the district court's determination that Arnone failed to plead a viable § 1983 failure-to-train/supervise claim:  that Fifth Circuit precedent holds that a Texas county cannot be liable for failure to train assistant district attorneys who are exercising prosecutorial functions,

because they are state officers in that capacity.  *See* ROA.1759-60 (citing *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001) (holding that the county could not be liable for a failure to train assistant district attorneys on *Brady* violations because assistant district attorneys are state, not county, officials); and *Wooden v. Texas*, No. 4:05cv022-A, 2005 WL 1473854, at *2 (N.D. Tex. June 21, 2005) (same, citing *Mowbray*)).

The analysis in *Wooden*—which is drawn directly from this Court's holdings in *Mowbray*—are directly applicable to the circumstances here.  As in this case, in *Wooden* the plaintiff asserted that if the assistant district attorneys had been trained and supervised properly, they would have known that there was no credible evidence to support his indictment and prosecution.  *Wooden*, 2005 WL 1473854, at *1.  And, as here, Wooden asserted that he would not have been wrongfully convicted and imprisoned if the prosecutors had been properly trained in their constitutional obligations and properly supervised.  *Id.*  Also as in this case, all of Wooden's claims against the county involved alleged actions of the District Attorney's Office in its prosecutorial capacity.  *Id.*  That is, Arnone does not claim that the actions of the assistant district attorneys who prosecuted the State's motion to revoke his deferred adjudication were outside the *scope* of their prosecutorial duties.  That is to say, none of the conduct of which Arnone complains could be described as "administrative or ministerial in nature."  *See Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997).  For

those reasons, the court in *Wooden* held that, "[b]ecause plaintiff's claims relate to the prosecutorial functions of the District Attorney's office, which functions are performed as an agent of the state, Tarrant [County] cannot be held liable for any failure to train, supervise, or control the District Attorney's employees." *Wooden*, 2005 WL 1473854, at *2 (citing *Mowbray*, 274 F.3d at 278). Further, as in *Wooden*, the assistant district attorneys who prosecuted the State's motion to revoke Arnone's deferred adjudication were "agent[s] of the state, rather than the county in which the criminal case [was] prosecuted," *id.*, and therefore their actions cannot fairly be attributed to Dallas County, "which has no affirmative control over the prosecutor's decisions in a particular case." *Id.*

That same result must follow here. Thus, as a matter of law, Dallas County cannot be held liable under § 1983 under a theory of constitutionally deficient training or supervision of DA Hill's assistants. Therefore, the district court did not err by dismissing Arnone's fail-to-train and fail-to-supervise claims.

### ISSUE 4:

### WHETHER THE DISTRICT COURT ERRED BY HOLDING THAT THE COUNTY'S ALLEGED POLYGRAPH POLICY, CREATED BY THE ELECTED DISTRICT ATTORNEY, WAS LEGALLY ATTRIBUTABLE TO THE COUNTY

### IV.    The district court correctly determined that DA Hill was not a County final policymaker.

This Court held in *Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001), that "a

county may only be held liable for acts of a district attorney when he 'functions as a final policymaker for the county.'" *Id.* at 192. Here, the district court determined that Arnone failed to plead a facially plausible claim against the County because Arnone's allegations against DA Hill involved conduct within the scope of DA Hill's prosecutorial function as a state actor, rather than as a policymaker for Dallas County. Therefore, the district court held that DA Hill's actions could not fairly be attributed as a Dallas County policy, and Arnone's claim lacked facial plausibility. ROA.1579. Arnone contends that the district court erred. Appellant's Br. 19-30. It did not.

### A.    Governmental liability under § 1983

A plethora of cases have expounded upon the standards for imposing liability on a governmental entity under § 1983. It is well-settled that a governmental entity cannot be liable under a theory of *respondeat superior. Piotrowski v. City of Houston*, 237 F.3d 567, 568, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Isolated unconstitutional actions by local governmental employees will almost never trigger § 1983 liability. *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, and as the Fifth Circuit emphasized in *Piotrowski*, to hold a governmental unit liable under § 1983, a plaintiff must establish that an "official policy" of the government— and not the policy of an individual governmental official—was the "moving force"

and actual cause of the loss of constitutional rights and any resultant harm. *Piotrowski*, 237 F.3d at 578.

**B.      DA Hill was not a final *County* policymaker, so his prosecutorial decisions and actions cannot impose § 1983 liability on the County.**

The first of the three attribution principles for municipal liability under § 1983 is involvement by a final policymaker. *Piotrowski*, 237 F.3d at 578. As the Fifth Circuit stated pointedly in *Piotrowski*, "several Supreme Court cases have discussed the policymaker criterion for municipal liability." *Id.* at 579. Here, Arnone pleads that DA Hill was the final policymaker responsible for the harms he suffered. *See* Plaintiff's Fifth Amended Complaint. ROA.1636-42.

Although Arnone was not obligated to plead the identity of the County's final policymaker, his Complaint's facial plausibility must be measured against the allegations that Arnone does plead. Here, Arnone unequivocally pleads that DA Hill was *the* final policymaker for *the County* in the areas of governmental operations at issue in the Complaint. Arnone's § 1983 claims against the County fail, however, because as a matter of law, DA Hill, a former elected District Attorney, was not a *County* policymaker with respect to the prosecution of criminal cases, including the prosecution of motions to revoke a deferred adjudication.

In a § 1983 action, "[t]he performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability

for the municipality." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000). A suit against a governmental employee in the employee's official capacity does not involve personal liability and is "another way of pleading an action against an entity of which [the employee] is an agent." *Id*. at 483 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

The district court must "decide who is the final policymaker, which is an issue of state law." *Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson*, 817 F.3d 163, 166 (5th Cir. 2016) (citing *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993)). In this case, the district court was also required to determine whether that person, even if a policymaker in some areas, was a policymaker for the governmental entity that is being sued in the relevant area of government operations. The district court correctly determined that DA Hill was not a *County* policymaker for the prosecutorial functions at issue in Arnone's Complaint.

"[A] county may only be held liable for acts of a district attorney when he "functions as a final policymaker for the county.'" *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001) (quoting *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997)). Here, Arnone complains of conduct that was obviously related directly to DA Hill's prosecutorial duties, *i.e.*, decisions on whom to prosecute, for what offenses, and when and how to proceed.

Texas positive law provides that "Each district attorney shall represent the

*State* in all criminal cases in the district courts of his district." Tex. Code. Crim. P. art. 2.01 (emphasis added). When acting in a prosecutorial capacity to enforce state penal laws, a prosecutor is an agent of the state and not of the county in which the criminal case is prosecuted. *Quinn v. Roach*, 326 F. App'x 280, 292-93 (5th Cir. 2009) (rejecting the argument that the district court erred in finding that county prosecutors were protected by Eleventh Amendment immunity from being sued in their official capacities for their actions in handling the criminal case against the plaintiff, because the prosecutors are state, not county, officials); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) (holding that a district attorney is a state official when instituting criminal proceedings). In *Quinn*, this Court held that a District Attorney has Eleventh Amendment immunity for civil claims arising from his determination of whether and when to bring criminal charges. *Quinn*, 326 F. App'x at 292-93. *See also Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 639 (N.D. Tex. 2007) (finding that the Eleventh Amendment barred the suit for malicious prosecution against Collin County District Attorney Roach and his assistants in their official capacities).

Thus, in the context of this case, DA Hill acted as a state official, not a county official, and he did not exercise final policymaking authority for the County. *See Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (per curiam) (holding that the actions of a Texas district attorney pursuant to his role as a State advocate preparing

for the initiation of criminal proceedings or trial do not constitute official policy for which a county can be held liable).  Therefore, former elected district attorney Hill was not a final Dallas County policymaker in the context of Arnone's claims, and DA Hill's actions cannot fasten § 1983 liability on the County.

The district court's analysis tracked this Court's precedents.  As explained by the district court, under Texas law, a state court may impose as part of the community supervision component of deferred adjudication "any reasonable condition . . . that is designed to protect or restore the community, protect  or restore the victim, or punish, rehabilitate, or reform the defendant.  ROA.1757 (citing Tex. Code Crim. P. art. 42A.301 (formerly Tex. Code Crim. P. art. 42.12, §§ 5, 11(a).  The state court entered a deferred adjudication order that, *inter alia*, imposed condition "o," which required Arnone to participate in sex offender counseling and "abide by all treatment directives . . . until released by the Court." ROA.349.  Arnone was "unsuccessfully discharged from sex offender treatment . . . due to failing the last two offense polygraphs taken and for not accepting responsibility for offense[,] which had made him untreatable in an outpatient capacity." ROA.1373-74.

Texas statutory law authorizes a state court to determine whether to proceed to an adjudication of guilt on the original charge on a motion by the attorney representing the State.  ROA.1757-58 (citing Tex. Code Crim. P. art. 42A.108(b), (c)(1), (2) (formerly Tex. Code Crim. P. art. 42.12, § 21(e)).  The district attorney's

office filed motion to proceed to adjudicate Arnone's guilt on the original charge of causing injury to a child, based upon Arnone's failure to comply with condition "o" of Arnone's order of community supervision. ROA.1373-74. The district attorney's motion to adjudicate alleged, correctly, that Arnone violated condition "o" in that he "did not abide by the rules and regulations of the facility." ROA.1374. The actions of the district attorney's office were specifically authorized by *state* statutory law. Accordingly, the district court did not err by determining that DA Hill's authority to seek revocations and/or adjudications of guilt, even where the only evidence to show a violation of a condition of community supervision is an inadmissible polygraph test result, did not derive from DA Hill's *county* office. ROA.1758. Rather, DA Hill's decision fell completely within the scope of his prosecutorial duty to enforce *state* laws, which explicitly provided for revocations and adjudications on the basis of a violation of a court-ordered condition of community supervision. ROA.1758; former Tex. Code Crim. P. art. 42.12, § 21(e).

### C.    Arnone fails to show that the district court committed reversible error.

Arnone of course contends that DA Hill was a final policymaker for the acts in issue in this case. But Arnone's arguments do not withstand scrutiny. To begin, Arnone often relies upon his own Complaint's allegations. For example, Arnone argues, "it is alleged that the polygraph policy was authorized and enforced by Dallas County, who [sic] signed over its policymaking authority to District Attorney Hill

28

for all criminal cases."  Appellant's Br. 19 (citing ROA.1567 [1586]).[9]  However, Arnone fails to provide any factual support for that allegation, and the allegation itself is a misstatement of Texas law:  Dallas County has no policymaking authority over what cases the elected district attorney shall prosecute, or in what manner the district attorney will do so.  *Wooden*, 2005 WL 1473854, at *2 (citing *Mowbray*, 274 F.3d at 278); *Esteves*, 106 F.3d at 678 ("Given that a district attorney represents the state in criminal prosecutions, the county, which has no affirmative control over the prosecutor's decisions in a particular case, should not be held liable when a prosecutor engages in unconstitutional conduct during a criminal proceeding.").  Further, the record does not support the allegation that Dallas County "signed over" whatever supposed authority it possessed to direct criminal prosecutions of state laws.  Indeed, the record lacks any support for the proposition that the County's governing body, its Commissioners Court, "signed over" any of its statutory policymaking authority to DA Hill.

For these reasons, DA Hill was not a final *County* policymaker, and his prosecutorial decisions and actions cannot impose § 1983 liability on the County.  Therefore, the district court did not err, and this Court should affirm the dismissal of Arnone's claims against the County.

---

[9] Arnone's brief uniformly and incorrectly cites to the "PageID" numbers assigned by the district court's PACER system, rather than the page numbers assigned to the record on appeal.

**ISSUE 5:**

**WHETHER ARNONE'S DEFICIENT BRIEFING
WAIVED ANY ERROR BY THE DISTRICT COURT
WITH RESPECT TO ITS ORDER DISMISSING
ARNONE'S CLAIMS AGAINST DA HILL**

**V.      Arnone has failed to preserve any potential error in the district court
because Arnone fails to brief those issues adequately.**

Arnone appeals the district court's Memorandum Opinion and Order entered

on 30 April 2020 (ROA.1554-1577).  *See* ROA.1763.  The district court's opinion

and order dismissed with prejudice the claims against DA Hill, on the grounds of

absolute prosecutorial immunity and qualified immunity.  ROA.1562-70.

Arnone's failure to provide any briefing regarding the dismissal of the claims

against DA Hill on immunity grounds fails to preserve any supposed error by the

district court.  As this Court has often stated, failure to adequately brief an issue on

appeal constitutes waiver of that argument.  *Strickland v. Bank of New York Mellon*,

838 F. App'x 815, 822 (5th Cir. 2020) (citing *Robinson v. Guar. Tr. Life Ins. Co.*,

389 F.3d 475, 481 n.3 (5th Cir. 2004).  Similarly, this Court has found waiver for

failure to include an argument in the appellant's statement of issues or in the body

of the opening brief.  *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000),

*cited in Strickland*, 838 F. App'x at 822.

Here, all of the foregoing defects are present in Arnone's brief.  Arnone fails

to present an issue regarding the district court's determination that DA Hill was

entitled to absolute and qualified immunity.  *See* Appellant's Br. 1-2 (Statement of

Issues Presented).  The body of Arnone's brief likewise fails to address the immunity

issues.  Therefore, Arnone has waived any potential error by the district court, and,

this Court should affirm the district court's order dismissing with prejudice Arnone's

claims against DA Hill.

**ISSUE 6:**

**WHETHER THE DISTRICT COURT ERRED BY
HOLDING THAT ABSOLUTE PROSECUTORIAL
IMMUNITY PROTECTS DA HILL FROM LIABILITY**

## VI.    The district court correctly held that absolute prosecutorial immunity protects DA Hill from liability.

Even if Arnone has not waived any error regarding the district court's holding

that DA Hill was entitled to immunity by failing to raise the issue in his brief and to

provide briefing on it, it is clear that the district court ruled correctly.

The district court concluded that DA Hill was protected from § 1983 liability

by absolute prosecutorial immunity.  ROA.1562-63.  The district court's analysis is

correct.  "A prosecutor enjoys absolute immunity when his actions are 'intimately

associated with the judicial phase of the criminal process."  *Loupe v. O'Bannon*, 824

F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430

(1976)).  It is obvious that a prosecutor's decision to seek revocation of community

supervision, and to petition a court adjudicate a defendant's guilt, are prosecutorial

functions "intimately associated" with the judicial phase of the criminal process.

Indeed, it is difficult to imagine a prosecutorial function that is more intimately associated with the judicial phase of the criminal process. Therefore, the district court did not err by holding that DA Hill had absolute prosecutorial immunity with respect to his role in the adjudication of Arnone's guilt.

The district court also held correctly that DA Hill had absolute immunity with respect to Arnone's claims that DA Hill failed to provide constitutionally sufficient training and supervision of subordinate prosecutors. The district court properly used the "functional approach" prescribed by the Supreme Court in *Imbler*, 424 U.S. at 425, and cited in *Loupe*, 824 F.3d at 538. Applying a functional analysis to DA Hill's duties as a trainer and supervisor of subordinate district attorneys, it is clear that absolute immunity applies. As the district court noted, "the broad scope of absolute prosecutorial immunity may even reach an apparently administrative or investigative function if the function 'require[s] legal knowledge and the exercise of related discretion." ROA.1562 (citing *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2008) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (5th Cir. (2009)).

Here, training and supervision related to seeking adjudications of guilt and, relatedly in this case, the admissibility and use of polygraph evidence in adjudication proceedings, requires legal knowledge and the exercise of related prosecutorial discretion. As the district court noted in its memorandum opinion (ROA.1563), the

Supreme Court held in *Van de Kamp*, 555 U.S. at 344, that a prosecutor had absolute immunity from claims related to policymaking, training, and supervision as to prosecutor's disclosure obligations under *Brady*.[10]  The analysis is exactly the same here.  Accordingly, DA Hill has absolute immunity related to such conduct, and the Court should affirm the dismissal of Arnone's claims against DA Hill.

## CONCLUSION

The district court did not err in its disposition of Appellant's claims against Appellees.  Therefore, this Court should affirm the district court's Judgment that dismissed with prejudice Appellant's claims against Appellees County of Dallas County, Texas, and William T. Hill, Jr.

---

[10] *Brady v. Maryland*, 373 U.S. 83 (1963).

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*/s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Federal Litigation Division
Dallas County Administration Building
500 Elm Street, Suite 6300
Dallas, Texas  75202
Telephone:      214.653.2798
Telecopier:     214.653.6134

Attorney for Appellees
County of Dallas County
and William T. Hill, Jr.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d) and Fifth Circuit Rule 25.2, I hereby certify that on 18 October 2021, the foregoing document was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit, using the electronic filing system of the Court. I further certify that I have complied with the privacy and redaction requirements of Federal Rule of Appellate Procedure 25(a)(5) and Fifth Circuit Rule 25.2.13; that the electronic submission is an exact copy of the paper document; and that the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

On 18 October 2021, a true and correct copy of the foregoing document was served via ECF electronic notice through the Court's Notice of Docket Activity to counsel for Appellants and to counsel for all *amici curiae*, who have consented in writing to accept such notice as service of this document by electronic means.

/s/ *Jason G. Schuette*
Attorney of Record for Appellees

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface requirements and Type Style Requirements

1.   This brief complies with the type volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because:

☐   this brief contains 7,794 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because:

☐   this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14-point Times New Roman.

*/s/ Jason G. Schuette*
Assistant District Attorney